1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CIONTE WEST,

                                    Plaintiff,

        v.

OFFICER STOLEN, *et al.*,

                                    Defendants.

Case No. C25-5569-RAJ-SKV

ORDER DIRECTING SERVICE OF CIVIL
RIGHTS COMPLAINT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding *pro se* and *in forma pauperis*.  The Court, having reviewed Plaintiff's second amended complaint, hereby ORDERS:

        (1)     Service by Clerk

        The Clerk is directed to send to Washington Corrections Center ("WCC") Officers Stolen, Bauers, and Benson, to WCC Sergeants Hull and E. Garcia, and to WCC Custody Unit Supervisor Willis, by e-mail: a copy of Plaintiff's second amended complaint (Dkt. 8), a copy of this Order, a copy of the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 1

(2)    <u>Response Required</u>

Defendants shall have thirty (30) days within which to return the enclosed waivers of service of summons.  A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.  A defendant who fails to timely return a signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure.  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within twenty-one (21) days after service.

(3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically.  All filings must indicate in the upper right-hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.  Plaintiff shall indicate the date the document is submitted for e-filing as the date of service.

(4)    <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include in its caption

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 2

(immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

The motion shall be noted in accordance with LCR 7(d).  Motions including stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, ex parte motions, motions to recuse, and motions for a temporary restraining order shall be noted for consideration on the day they are filed.  LCR 7(d)(1).  Other non-dispositive motions shall be noted for consideration no earlier than 21 days from the date of filing. LCR 7(d)(3).  All dispositive motions, and motions such as those seeking a preliminary injunction or directed toward changing the forum, shall be noted for consideration no earlier than 28 days after filing. LCR 7(d)(4).

For electronic filers, any opposition to a non-dispositive motion shall be filed and received by the moving party no later than 15 days after the filing date of the motion, and any reply shall be filed and received by the opposing party no later than 21 days after the filing date of the motion.  LCR 7(d)(3).  Any opposition to a dispositive motion by an electronic filer shall be filed and received by the moving party no later than 21 days after the filing date of the motion and any reply shall be filed and received by the opposing party no later than 28 days after the filing date of the motion.  LCR 7(d)(4).

(5)    Motions to Dismiss and Motions for Summary Judgment

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules.  As noted above, these motions shall be noted for consideration no earlier than 28 days after filing.

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 3

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve Rand notices concurrently with motions to dismiss and motions for summary judgment so that pro se prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

//

//

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 4

     (7)     The Clerk is directed to send a copy of this Order to Plaintiff.  The Clerk is further directed to send a copy of this Order and a courtesy copy of Plaintiff's second amended complaint to the Washington Attorney General's Office.

     Dated this 30th day of December, 2025.


*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DIRECTING SERVICE OF
CIVIL RIGHTS COMPLAINT - 5